## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| MAXWELL KELLER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TRONOX HOLDINGS PLC, JOHN D. ROMANO, and D. JOHN SRIVISAL,<br><br>Defendants. | **CASE No.: 1:23-cv-3:25-cv-01441-KAD**<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF JOHN HARDING TO: (1) APPOINT LEAD PLAINTIFF; AND (2) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br>**CLASS ACTION** |

**TABLE OF CONTENTS**

INTRODUCTION AND BACKGROUND ................................................................................ 1

ARGUMENT ........................................................................................................................... 3

   I.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ............................................. 3

      A.  Movant Is Willing to Serve as Class Representative ............................................. 3

      B.  Movant Has the Largest Financial Interest in the Action ...................................... 3

      C.  Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure ... 4

         1.  Movant's Claims are Typical ............................................................................. 5

         2.  Movant Is Adequate ........................................................................................... 5

      D.  Movant Is Presumptively the Most Adequate Plaintiff ......................................... 6

   II.  MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED ............................ 6

CONCLUSION ........................................................................................................................ 7

CERTIFICATE OF SERVICE ................................................................................................. 9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Bally Total Fitness*, *Sec. Litig.*,
 2005 WL 627960 (N.D. Ill. Mar. 15, 2005) ................................................................. 4

*In re Cendant Corp. Litig.*,
 264 F.3d 201 (3d Cir. 2001) .................................................................................... 5

*In re Fuwei Films Sec. Litig.*,
 247 F.R.D. 432 (S.D.N.Y. 2008) ........................................................................... 4, 5

*In re Livent, Inc. Noteholders Sec. Litig.*,
 210 F.R.D. 512 (S.D.N.Y. 2002) ............................................................................ 5

*In re Olsten Corp. Sec. Litig.*,
 3 F.Supp.2d 286 (E.D.N.Y. 1998) ........................................................................... 4

*In re Oxford Health Plans, Inc. Sec. Litig.*,
 182 F.R.D. 42 (S.D.N.Y. 1998) ............................................................................... 5

*Lax v. Merch. Acceptance Corp.*,
 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ........................................................... 4

*Takara Tr. v. Molex Inc.*,
 229 F.R.D. 577 (N.D. Ill. 2005) .............................................................................. 4

**Statutes**

15 U.S.C. § 78u-4(a) ....................................................................................... 3, 4, 6

**Rules**

Fed. R. Civ. P. 23 ............................................................................................ 3, 4, 5

Movant John Harding ("Movant") respectfully submits this memorandum of law in support of Movant's motion for an Order, pursuant to Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)    appointing Movant as Lead Plaintiff for the class of: (i) all persons or entities who purchased or otherwise acquired Tronox Holdings plc ("Tronox" or the "Company") common stock between February 12, 2025 and July 30, 2025, inclusive (the "Class Period"). Movant seeks to recover compensable damages caused by Defendants' violations of the federal securities laws under the Securities Exchange Act of 1934 (the "Exchange Act"); and

(b)    approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class and Faxon Law Group, LLC as Liaison Counsel.

## INTRODUCTION AND BACKGROUND

This action was commenced on September 3, 2025 against the Company and certain of its executives ("Defendants") for violations under the Exchange Act covering the Class Period. That same day, an early notice pursuant to the PSLRA was issued advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and of their option to seek appointment as Lead Plaintiff. *See* Cates Declaration, Ex. 1 hereto.

According to the complaint, Tronox operates titanium-bearing mineral sand mines and processes them to produce titanium dioxide (TiO2) products. Tronox offers TiO2 pigment; ultrafine specialty TiO2; zircon; high purity pig iron; monazite; feedstock; and titanium tetrachloride products. Tronox's products are used for various applications. Tronox common stock trades on the NYSE under the ticker symbol "TROX".

According to the lawsuit, defendants throughout the Class Period made statements regarding Tronox's overall expected growth and strength in its pigment and zircon commercial

1

division. Defendants' statements included, among other things, confidence in Tronox's ability to achieve its fiscal 2025 revenue growth projections on the back of its ability to both appropriately forecast and execute upon the alleged demand for its TiO2 and zircon products.

The lawsuit alleges that defendants made overwhelmingly positive statements to investors regarding these divisions, as well as on its ability to achieve 2025 revenue growth projections, to investors while at the same time, disseminating materially false and misleading statements and/or concealing material adverse facts concerning the true state of Tronox's ability to forecast the demand for its pigment and zircon products or otherwise the true state of its commercial division, despite making lofty long-term projections, Tronox's forecasting processes fell short as sales continued to decline and costs increased, ultimately, derailing Tronox's revenue projections.

Then, on July 30, 2025, Tronox announced its financial results for the second quarter of the 2025 fiscal year, revealing a significant reduction in TiO2 sales for the quarter. Tronox attributed the decline to "softer than anticipated coatings season and heightened competitive dynamics." As a result of the setback in sales, Defendants revised the Company's 2025 financial outlook lowering its full-year revenue guidance and reducing its dividend by 60%.

On this news, Tronox's stock price fell from $5.14 to $3.19 on July 31, 2025, a 37.9% decline, damaging investors.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common stock, Movant and other Class members have suffered significant losses and damages.

2

<u>**ARGUMENT**</u>

### I.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice…;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A.  Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that Movant is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B.  Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group of persons that … has the largest financial interest in the relief

sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Tr. v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax/Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost approximately $202.20 in connection with his purchase of Tronox common stock. *See* Ex. 3 hereto. Movant is not aware of any other movant that has suffered greater losses in Tronox common stock during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

## C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class

---

[1] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

4

certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1.  Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and misleading statements about the Company's business. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2.  Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litig.*, 264 F.3d 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between Movant's claims and those asserted on behalf of the Class. Movant also

sustained substantial financial losses from investments in Tronox common stock and is, therefore, extremely motivated to pursue claims in this action.

### D. Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the Class.

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore, subject to rebuttal. Accordingly, Movant has suffered financial losses and has the largest financial interest in this case of any timely movant and should be appointed Lead Plaintiff.

Further, Movant has thirty years of investing experience. He is retired and previously owned a travel agency. He holds a B.A. in Sociology from the University of Michigan and lives in Bloomfield Hills, Michigan.

### II.  MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel. The firm has been actively researching Movant's and Class Plaintiffs' claims, including reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, the firm has an extensive history of bringing significant recoveries to investors and is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. The firm has prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors. Likewise, Faxon Law has a long history of handling complex litigation including class actions. *See* Cates Decl., Exs. 4 and 5.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order; (1) appointing Movant as Lead Plaintiff of the Class; (2) approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel and Faxon Law Group, LLC as Liaison Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: November 3, 2025

Respectfully submitted,

**FAXON LAW GROUP, LLC**
 /s/ Brittany S. Cates (ct27196)
Brittany S. Cates, Esq.
59 Elm Street
New Haven, CT 06510
Telephone: (203) 624-9500
Email: bcates@faxonlawgroup.com

*[Proposed] Liaison Counsel for Movant and the Class*

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq.
Laurence M. Rosen, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

8

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


/s/ Brittany S. Cates, Esq.(ct27106)

9