**1UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| MAXWELL KELLER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> TRONOX HOLDINGS PLC, JOHN D. ROMANO, and D. JOHN SRIVISAL, <br><br> Defendants. | Case No.: 3:25-cv-01441-KAD |

## MOVANT JASON D. SMITH'S OPPOSITION TO COMPETING MOTIONS FOR LEAD PLAINTIFF

## **PRELIMINARY STATEMENT**

The Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4) (the "PSLRA"), sets forth a clear directive in terms of appointing lead plaintiffs in securities fraud class actions. The PSLRA applies in the case at hand and, under the PSLRA, movant Jason D. Smith should be appointed as the lead plaintiff. He not only possesses the largest financial interest in the outcome of the action, but his bachelor's degree in finance and his approximately twenty years of investing experience will benefit the class and ensure that he will take every effort possible to maximize the recovery for damaged Tronox Holdings plc ("Tronox") shareholders.

The PSLRA's process for appointing a lead plaintiff is straightforward. The statute says that the movant with the "largest financial interest" that is otherwise adequate and typical shall be appointed as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii). Mr. Smith has, by far, the largest financial interest in the action, as he has the largest approximate loss suffered.

| Movant | Claimed Losses |
|---|---|
| Jason D. Smith | $23,375.79 |
| Travis Grube and Dean Gautier | $1,199.00 |
| *Travis Grube* | $976.00 |
| *Dean Gautier* | $223.00 |
| John Harding | $202.20 |

Mr. Smith has also made a preliminary showing of typicality and adequacy under Federal Rule of Civil Procedure 23(a). *Labul v. XPO Logistics, Inc.*, No. 3:18-CV-2062 (VLB), 2019 U.S. Dist. LEXIS 56080, at *15 (D. Conn. Apr. 2, 2019). Mr. Smith is typical of the other class members insofar as he acquired Tronox stock during the class period on the open market (*i.e.*, the NYSE) just like all other class members. His background also makes him eminently qualified to oversee this litigation as the lead plaintiff. He holds a bachelor's degree in finance and has been investing

in securities for approximately twenty years. *See* ECF No. 11-6, Decl. of Jason D. Smith, ¶2. He also has experience hiring and overseeing attorneys for real estate matters. *Id.*

The competing movants are a group of two individuals with no pre-litigation relationship (Travis Grube and Dean Gautier) and an individual (John Harding) who suffered a nominal loss compared to Mr. Smith.  *See* ECF Nos. 10 and 12. In addition to these movants all having much smaller financial interests in the litigation, they cannot point to any proof undermining Mr. Smith's adequacy to serve as the lead plaintiff.

**ARGUMENT**

## I.    The PSLRA Process.

The PSLRA sets forth the procedure for the selection of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). Following the required notice announcing the class action, class members interested in serving as lead plaintiff are required to file a motion seeking appointment within 60 days thereafter. 15 U.S.C. § 78u-4(a)(3)(A)(i). From the movants that file timely motions, the presumptive "most adequate plaintiff" is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Facebook, Inc.,* 288 F.R.D. 26, 36-41 (S.D.N.Y. 2012). "Once the court identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements." *Sofran v. LaBranche & Co., Inc.,* 220 F.R.D. 398, 402 (S.D.N.Y. 2004).

After a presumptively most adequate plaintiff is identified, the Court must then determine if the presumption has been rebutted through "proof" by a member of the purported plaintiff class

2

that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Importantly, "[o]nce the presumption is triggered, the question is not whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair[] and adequate[]' job. We . . . stress that *the inquiry is not a relative one*." *In re Cendant Corp. Litig.,* 264 F.3d 201, 268 (3d Cir. 2001) (emphasis added); *see also In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("That the district court believes another plaintiff may be 'more typical' or 'more adequate' is of no consequence. So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job."). If the presumption is not rebutted, the presumptively most adequate plaintiff should be appointed as lead plaintiff.

## II.    Mr. Smith is Presumptively the "Most Adequate Plaintiff."

### A.    Mr. Smith Possesses the 'Largest Financial Interest'.

The PSLRA provides a presumption that the "most adequate plaintiff" to serve as lead plaintiff is the movant with the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Mr. Smith is entitled to that presumption because, relative to the other movants, Mr. Smith's losses are far greater.

| Movant | Claimed Losses |
|---|---|
| Jason D. Smith | $23,375.79 |
| Travis Grube and Dean Gautier | $1,199.00 |
| *Travis Grube* | $976.00 |
| *Dean Gautier* | $223.00 |
| John Harding | $202.20 |

3

*See* ECF Nos. 10-5; 11-4; and 12-3, *see also Retail Wholesale Dep't Store Union Loc. 338 Ret. Fund v. Synchrony Fin.,* No. 3:18-CV-1818 (VAB), 2019 U.S. Dist. LEXIS 179318, at \*\*19-20 (D. Conn. Feb. 5, 2019) (finding the movant with the largest financial interest to be the presumptive "most adequate plaintiff").

      **B.**      **Mr. Smith Has Made the Requisite *Prima Facie* Showing of Typicality and Adequacy Under Rule 23.**

Once the movant with the largest financial interest has been established, the Court must assess whether that movant has made a *prima facie* showing of Rule 23.  *Sofran*, 220 F.R.D. at 402. "No 'searching inquiry' of whether a lead plaintiff satisfies the requirements of Rule 23, however, is required at this stage under the PSLRA." *Bray v. Frontier Communs. Corp.,* No. 3:17-cv-1617 (VAB), 2018 U.S. Dist. LEXIS 13993, at \*31 (D. Conn. Jan. 18, 2018); *Faig v. Bioscrip, Inc.,* 2013 U.S. Dist. LEXIS 178754, at \*8 (S.D.N.Y. Dec. 19, 2013) ("'[A]t this stage of the litigation, a moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.'").

The typicality requirement "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *In re Drexel Burnham Lambert Grp., Inc.,* 960 F.2d 285, 291 (2d Cir. 1992). Mr. Smith's claims are typical of those of other Class members because, like other Class members, he acquired Tronox securities during the Class Period at prices artificially inflated by Defendants' misrepresentations and/or omissions that form the basis of the Action. Moreover, Mr. Smith's claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See In re Star Gas Sec. Litig.,* No. 3:04cv1766 (JBA), 2005 U.S. Dist. LEXIS 5827, at \*20 (D. Conn. Apr. 8, 2005); *Albert Fadem Tr. v. Citigroup Inc.,* 239 F. Supp. 2d 344, 347-48 (S.D.N.Y. 2002) ("Pompano's claims are typical of the class because its claims and injuries

allegedly arise from the same course of conduct as that from which claims of the other class members arise. Pompano's members purchased Citigroup securities on the open market during the class period; at prices alleged to have been artificially inflated by the materially false and misleading statements issued by Defendants; and suffered damages thereby.").

In addition to meeting the "typicality" requirements under Rule 23, Mr. Smith also makes the necessary *prima facie* showing of "adequacy." To satisfy the adequacy requirement at this stage of the proceedings, Mr. Smith must make a preliminary showing that "(1) [his choice of] class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) [he] has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Synchrony Fin.*, 2019 U.S. Dist. LEXIS 179318, at *19 (citing *Foley v. Transocean Ltd.,* 272 F.R.D. 126, 131 (S.D.N.Y. 2011)). Mr. Smith has shown that his choice of counsel, Levi & Korsinsky, LLP, is qualified, experienced, and able to conduct the litigation. *See* ECF. No. 11-7 (Levi & Korsinsky firm resume). This will ensure the vigorous and adequate prosecution of the Class's claims. *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). In addition, Mr. Smith has no conflicts with other Class Members. *See* ECF No. 11-1 at 8, Jason D. Smith's Opening Brief; *Reitan v. China Mobile Games & Ent. Group, Ltd.,* 68 F. Supp. 3d 390, 400 (S.D.N.Y. 2014). Moreover, there is no evidence of any antagonism between Mr. Smith's interests and those of the Class and he has a significant and compelling interest in prosecuting the Action based on the large financial losses he has suffered as a result of the wrongful conduct alleged in the Action. *Burnham v. Qutoutiao Inc.,* No. 20-CV-6707 (SHS), 2020 U.S. Dist. LEXIS 206752, at *6-7 (S.D.N.Y. Nov. 4, 2020).

Mr. Smith is more than qualified to serve as lead plaintiff. As described in his opening

motion and his declaration, Mr. Smith is a resident of Quincy, Massachusetts and possesses a bachelor's degree in finance. *See* ECF No. 11-6, Decl. of Jason D. Smith at ¶2. Mr. Smith is also an experienced investor, as he has been investing in securities for approximately 20 years. *Id.* Mr. Smith is currently self-employed as the owner of a real estate company. *Id.* Further, he has experience hiring and overseeing attorneys for real estate matters. *Id*. Mr. Smith is the ideal candidate to be appointed lead plaintiff. *See Cendant*, 264 F.3d at 266-67 ("the goal of the Reform Act's lead plaintiff provision is to locate ***a person*** or entity whose sophistication and interest in the litigation are sufficient to permit that person or entity to function as an active agent for the class" and "actively supervise the conduct of the litigation" of class actions alleging securities fraud) (emphasis added).

> **C.      No Proof Exists to Rebut the Presumption in Favor of Appointing Mr. Smith**

Mr. Smith is entitled to the presumption of the "most adequate plaintiff" by way of possessing the largest financial interest and otherwise satisfying the typicality and adequacy requirements of Rule 23. Once the presumption is triggered, the Court must focus on the presumptive lead plaintiff alone. *See Kasilingam v. Tilray, Inc.,*1:20-CV-03459-PAC, 2020 U.S. Dist. LEXIS 140885, at \*5-6 (S.D.N.Y. Aug. 6, 2020); *Sofran,* 220 F.R.D. at 402 (citing *In re Cavanaugh*, 306 F.3d at 732)); *Cendant*, 264 F.3d at 267. Importantly, "the question is not whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair[] and adequate[]' job." *Cendant,* 264 F.3d at 268; *see also Cavanaugh*, 306 F.3d at 730-32.

This presumption may be rebutted only upon ***proof*** by a class member that it "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render

such plaintiff incapable of adequately representing the class." 15 U.S.C § 78u-4(a)(3)(B)(iii)(II); *Omdahl v. Farfetch Ltd.,* No. 19-CV-8657 (AJN), 2020 U.S. Dist. LEXIS 103935, at \*6 (S.D.N.Y. June 10, 2020) ("[t]his presumption may only be rebutted by proof that the purportedly most adequate plaintiff 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'"); *Jiehua Huang v. Airmedia Grp., Inc.,* No. 1:15-CV-4966 (ALC), 2015 U.S. Dist. LEXIS 178083, at \*6-7 (S.D.N.Y. Nov. 10, 2015) ("'speculative and hypothetical' allegations should not prevent the appointment of a lead plaintiff"); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 412 (S.D.N.Y. 2004). Here, no proof exists that Mr. Smith would be inadequate or subject to unique defenses.

Conversely, the competing movants present deficiencies in their own rights necessitating the denial of their motions. Messrs. Grube and Gautier comprise a makeshift group with no pre-litigation relationship. While plaintiff-groups are sometimes acceptable in certain scenarios, that is not the case here. Neither Mr. Grube nor Mr. Gautier have any compelling reason to work with one another and, individually, do not possess any serious financial incentive to oversee this litigation or their lawyers. *See Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d at 532-34 (S.D.N.Y. 2015) (rejecting the appointment of an unrelated group despite the appearance of the individual members sophistication and representations regarding cooperation and a decision-making process when there was no evidence of a pre-litigation relationship or that the members chose counsel, rather than vice versa); *In re Tarragon Corp. Sec. Litig.,* 2007 U.S. Dist. LEXIS 91418, at \*3 (S.D.N.Y. Dec. 6, 2007) (rejecting two movant groups as they provided "no evidence that the members of these groups have ever communicated with other members of their respective group or will do so in the future" and have failed to provide any other evidentiary basis for

aggregation other than that each was represented by a set of lawyers); *Goldberger v. PXRE Grp., Ltd.,* Nos. 06-CV-3410 (KMK), 2007 U.S. Dist. LEXIS 23925, at *13-15 (S.D.N.Y. Mar. 30, 2007) (rejecting group whose members "share[] only this lawsuit in common," has no leader of the group, and suspecting group "of disparate and apparently unrelated plaintiffs" was result of the "type of lawyer-driven action that the PSLRA eschews") (citation omitted); *In re Razorfish, Inc. Sec. Litig.*, 143 F. Supp. 2d at 308-09  (S.D.N.Y. 2001) ("To allow lawyers to designate unrelated plaintiffs as a 'group' and aggregate their financial stakes would allow and encourage lawyers to direct the litigation."); *In re Donnkenny Inc. Secs. Litig.*, 171 F.R.D. at 158-59 (S.D.N.Y. 1997) (this type of "lawyer-driven litigation" was one of the "principal legislative purposes" Congress sought to address when it enacted the PSLRA).

By the same token, Mr. Harding likewise fails to present a legitimate financial interest in the action and, consequently, can also not serve as the lead plaintiff. *See McCormack v. Dingdong (Cayman) Ltd.*, No. 22-CV-7273 (VSB), 2022 U.S. Dist. LEXIS 215864, at *15 (S.D.N.Y. Nov. 30, 2022) (denying motion for lead plaintiff by shareholder who claimed "only $504.40 in losses" because it was insufficient "token amount"); *Guo v. Tyson Foods, Inc.*, No. 21-CV-00552-AMD-JRC, 2022 U.S. Dist. LEXIS 180854, at *15 (E.D.N.Y. Sept. 30, 2022) (denying motion for appointment of lead plaintiffs where two movants together alleged a "combined total loss of $323.20" because it was "nominal"); *Bosch v. Credit Suisse Grp. AG*, No. 22-cv-2477 (ENV), 2022 U.S. Dist. LEXIS 170127, at *11-17 (E.D.N.Y. Sep. 12, 2022) (denying motion for lead plaintiff where shareholder sustained loss in the amount of $621 and consequently did not have "sufficient interest in the litigation to vigorously pursue the claims of the class").

8

**CONCLUSION**

Mr. Smith possesses the "largest financial interest" in the litigation. He has also made a *prima facie* showing of her typicality and adequacy under Rule 23. Pursuant to the PSLRA, Mr. Smith is entitled to the statutory presumption of "most adequate plaintiff" to serve as lead plaintiff. The other movants cannot produce any "proof" capable of rebutting that presumption. Accordingly, for the reasons stated herein, Mr. Smith respectfully requests that the Court grant his motion and enter an Order: (1) appointing him as Lead Plaintiff; (2) approving his selection of Levi & Korsinsky as Lead Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

Dated: November 24, 2025                    Respectfully Submitted,

                                                            **LEVI & KORSINSKY, LLP**

                                                            */s/ Shannon L. Hopkins*
                                                            Shannon L. Hopkins
                                                            1111 Summer Street, Suite 403
                                                            Stamford, CT 06905
                                                            Tel: (203) 992-4523
                                                            Fax: (212) 363-7171
                                                            Email: shopkins@zlk.com

                                                            *Attorneys for Jason D. Smith and [Proposed] Lead Counsel for the Class*

9

**CERTIFICATE OF SERVICE**

I HEREBY certify that on November 24, 2025, I electronically filed the foregoing document with the Clerk of the Court CM/ECF.


/s/ Shannon L. Hopkins
Shannon L. Hopkins